# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## ELTON BOWERS v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Hardeman County**
**No. 9745    Jon K. Blackwood, Judge**

_____

**No. W2004-02407-CCA-R3-HC  - Filed July 13, 2005**

_____

The Petitioner, Elton Bowers, appeals the trial court's denial of his petition for habeas corpus relief. The State has filed a motion requesting that this Court affirm the trial court pursuant to Rule 20, Rules of the Court of Criminal Appeals. The State's motion is granted. The judgment of the trial court is affirmed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

DAVID G. HAYES, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS AND ALAN E. GLENN, JJ.  joined.

J. Colin Morris, Jackson, Tennessee, for the appellant.

Paul G. Summers, Attorney General & Reporter; David Edward Coenen, Assistant Attorney General, for the appellee, the State of Tennessee.

## MEMORANDUM OPINION

The Petitioner, Elton Bowers, is currently confined at the Hardeman County Correctional Facility in Hardeman County, Tennessee.  On August 24, 2004, the Petitioner, represented by counsel, filed a petition for writ of habeas corpus relief.  Within the petition, Petitioner Bowers alleged that he is being "illegally restrained of [his] liberty."  As grounds for the illegal restraint, Petitioner alleged (1) "he was sentenced as a Range III offender when he should have been sentenced

to a lower Range," (2) "his convictions in Nashville, Davidson County Circuit Court C-3574, were not in compliance with the *State of Tennessee v. Mackey,* 553 S.W.2d 377 ([Tenn.] 1977)," (3) his effective 105-year sentence in the Department of Correction "defeats the purpose of the Sentencing Reform Act of 1989," (4) counsel was ineffective for failing to challenge the imposition of consecutive sentences, and (5) the State failed to submit notice within ten days of his trial of its intent to seek enhanced punishment." By order entered September 3, 2004, the trial court dismissed the petition, finding that the petition failed to state a cognizable claim for habeas corpus relief. Petitioner filed a timely notice of appeal document.

Initially, we note that the Petitioner has failed to attach any judgments of conviction to the petition for habeas corpus relief. In this regard, in addition to procedural default, Petitioner has placed both the trial court and this Court in an adversarial position of determining what convictions are challenged within the context of the issues raised in this habeas corpus petition. As recognized by the State, the Petitioner was convicted of aggravated robbery on three separate occasions. First, Petitioner Elton Bowers was convicted of aggravated robbery and possession of a deadly weapon resulting from a January 1992 robbery of the Days Inn motel in Jackson, Tennessee. *See State v. Elton Bowers,* No. 02C01-9308-CR-00180, 1994 WL 553368, * 1 (Tenn. Crim. App., at Jackson, Oct. 12, 1994), *perm. to appeal denied*, (Tenn. Mar. 6, 1995). For these offenses, the Petitioner was sentenced, as a range II offender, to concurrent sentences of twenty years for the robbery and four years for the weapons offense. *Id.* On direct appeal, this Court affirmed the aggravated robbery conviction and sentence, but merged the weapons offense into the aggravated robbery conviction. *Id.* Next, Petitioner Bowers was convicted of aggravated robbery and possession of a deadly weapon for the March 7, 1992, robbery of the Savings Oil convenience store in Jackson, Tennessee. *See State v. Elton Donald Bowers aka Reshid Qawwi,* No. 02C01-9503-CC-00064, 1996 WL 275023, *1 (Tenn. Crim. App., at Jackson, May 24, 1996), *perm. to appeal denied,* (Tenn. 1996). For these convictions, the trial court imposed concurrent range III sentences of thirty and six years respectively. *Id.* At some point, the trial court merged the weapons offense with the aggravated robbery offense. *Id.* On direct appeal, a panel of this Court affirmed the aggravated robbery conviction and accompanying thirty-year range III sentence. *Id.* Finally, Petitioner Bowers was convicted of aggravated robbery and possession of a weapon for the March 11, 1992, robbery of a Texaco Food Mart in Jackson, Tennessee. *See State v. Elton Donald Bowers aka Rashid Qawwi,* No. 02C01-9509-CC-00282, 1997 WL 13743, *1 (Tenn. Crim. App., at Jackson, Jan. 16, 1997), *perm. to appeal denied,* (Tenn. Sept. 8, 1997). The trial court merged the weapons offense into the aggravated robbery conviction and sentenced the Petitioner, as a career offender to thirty years confinement. *Id.* On direct appeal, a panel of this Court affirmed the Petitioner's conviction for aggravated robbery. *Id.* However, this Court found that the Petitioner was erroneously classified as a career offender and remanded the matter for entry of a sentence within range III. *Id.* at *5. Accordingly, as we infer that all three convictions are challenged within the petition.

The State of Tennessee has filed a motion requesting that this Court affirm the trial court's denial of habeas corpus relief pursuant to Rule 20, Rules of the Court of Criminal Appeals. As basis for its motion, the State asserts (1) the Petitioner has failed to comply with the mandatory procedural requirements of habeas corpus relief, (2) the legality of the restraint has previously been adjudged in a prior proceeding, and (3) the petition fails to state a colorable claim for habeas corpus relief.

2

The State's position is well-taken.

We agree with the State that the petition is subject to dismissal for failure to meet the statutory requirements for pursuing state habeas corpus relief. *See* Tenn. Code Ann. §§ 29-21-101-29-21-130. Our supreme court has recently confirmed that the procedural requirements are mandatory and must be followed scrupulously. *See Hickman v. State,* 153 S.W.3d 16, 21 (Tenn. 2004). The Petitioner did not attach to his petition either copies of the challenged judgments or the indictments. He also fails to give a satisfactory reason for their absence. *See* Tenn. Code Ann. § 29-21-107(b)(2). An application for the issuance of habeas corpus may be summarily dismissed for failure to attach the judgment forms. *Id.* The Petitioner has also failed to verify his petition by affidavit. *See* Tenn. Code Ann. § 29-21-107(a). In this regard, we acknowledge that counsel attempted to satisfy this requirement by filing a motion to supplement the record in this Court. This motion was denied by this Court on May 16, 2005. *See Elton Bowers v. State*, No. W2004-02407-CCA-R3-HC (Tenn. Crim. App., at Jackson, May 16, 2005) (*order*).

Next, as a ground for habeas corpus relief, Petitioner challenges the range III sentences imposed. Petitioner challenged the range III classification on direct appeal. Regarding the range III sentence imposed for the March 7, 1992, robbery of the Saving Oil convenience store, this Court held that, "[b]ecause the defendant had at least five prior class B, C, or D felony convictions, the trial court properly classified the defendant as a persistent offender." *See State v. Elton Donald Bowers*, No. 02C01-9503-CC-00064, 1996 WL 275023, at *3. Moreover, this Court determined, with regard to the conviction for the March 1992 robbery of the Texaco Food Mart, that the Petitioner was improperly classified as a career offender. *See State v. Elton Donald Bowers*, No. 02C01-9509-CC-00282, 1997 WL 13743, at * 5. This Court concluded, however, that the Petitioner did qualify as a range III offender. *Id.* Accordingly, the Petitioner's classification as a range III offender has already been adjudicated in a prior proceeding. *See* Tenn. Code Ann. § 29-21-107(b)(3).

Finally, it is well established that the grounds upon which habeas corpus relief may be granted in this state are narrow. *Hickman,* 153 S.W.3d at 20 (citations omitted). Relief will be granted if the petition establishes that the challenged judgment is void. *Id.* A judgment is void "only when '[i]t appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." *Hickman,* 153 S.W.3d at 20 (quoting *State v. Ritchie,* 20 S.W.3d 624, 630 (Tenn. 2000) (citations omitted)). The petitioner bears the burden of establishing either a void judgment or an illegal confinement by a preponderance of the evidence. *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). If the petitioner carries this burden, he is entitled to immediate release. *Id.*

Petitioner claims that (1) he was erroneously classified as a range III offender, (2) the unidentified "Nashville" convictions used to enhance his sentences were obtained in violation of *State v. Mackey,* (3) his effective sentence violates the purpose of the 1989 Sentencing Act, (4) counsel was ineffective, and (5) the State failed to provide him timely notice of its intent to seek enhanced punishment. None of these claims result in an illegal or void judgment and, therefore, are not subject to habeas corpus relief. *See generally Passarella*, 891 S.W.2d at 627 (claims of

3

ineffective assistance of counsel render a judgment voidable, not void); *Steven L. Anderson v. Warden Glen Turner and State of Tennessee*, No. W2004-00623-CCA-R3-HC, 2005 WL 396378, * 2 (Tenn. Crim. App., at Jackson, Feb. 18, 2005), *perm. to appeal denied*, (Tenn. May 23, 2005) (allegation that trial court failed to comply with *Mackey* requirement not ground for habeas corpus relief); *Milburn L. Edwards v. State,* No. M2004-01378-CCA-R3-HC, 2005 WL 544714, at *2 (Tenn. Crim. App., at Nashville, Mar. 7, 2005) (citation omitted) (State's failure to give notice of its intent to seek enhanced punishment does not result in an illegal or void judgment); *James Oliver Ross v. State*, No. W2003-00843-CCA-R3-HC, 2003 WL 23100816, at *1 (Tenn. Crim. App., at Jackson, Dec. 31, 2003) (issues of enhancement or excessive sentence will not support a claim for habeas corpus relief). Where the allegations in a petition for writ of habeas corpus relief do not demonstrate that the judgment is void, a trial court may correctly dismiss the petition without a hearing. *McLaney v. Bell*, 59 S.W.2d 90, 93 (Tenn. 2001).


The Petitioner has not established that he is entitled to habeas corpus relief. He has alleged neither a facially invalid judgment nor an expired sentence. Accordingly, it is ordered that the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.


_____
DAVID G. HAYES, JUDGE

4