**Robert DRAGO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 53685.**

Court of Criminal Appeals of Texas.

July 13, 1977.

---

Frank Maloney and Philip A. Nelson, Jr., Austin, for appellant.

Robert O. Smith, Dist. Atty. and Richard E. Banks, Asst. Dist. Atty., Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

PHILLIPS, Judge.

This is an appeal of a conviction of the offense of possession of more than four ounces of marihuana. Trial was by the court with punishment being assessed at a probated term of five years' confinement.

At around midnight on March 2, 1975, Sgt. Muennink and Officer Alexander of the Austin Police Department saw the car in which appellant was riding traveling east on Seventh Street near the intersection of that street and Interstate Highway 35 in Austin. Seventh Street at that point is one way eastbound and consists of four lanes divided down the center by a small esplanade. The car was in the lane immediately to the south of the esplanade and after it passed under the expressway overpass it turned left from that lane northward onto the expressway's east frontage road. There were traffic signs over each of the four lanes of Seventh Street on the west side of the overpass highway. The signs over the two lanes north of the esplanade each portrayed a left turning arrow and the word "only". The signs over the two lanes south of the esplanade, including the lane from which the car made its left turn, each portrayed an arrow pointing straight ahead. After the car completed its left turn, the officers pursued it in their own car and pulled it over. John Griffin, the driver of the car, got out and met Sgt. Muennink near the front of the police car, where Sgt. Muennink started writing Mr. Griffin a warning ticket for having made a turn from the wrong lane. Officer Alexander approached the passenger side of the stopped car to tell appellant the reason for the stop. While Officer Alexander was speaking to appellant through the open car window, he smelled the odor of marihuana and saw appellant place his hands down close to the floor of the car. Officer Alexander searched the car and found a large plastic bag of marihuana, which he seized. The marihuana was found to weigh more than nine pounds. At trial, evidence of the seizure of the marihuana was admitted over appellant's objection that it was illegally obtained.

Appellant's first ground of error asserts error in the overruling of his motion to suppress the alleged marihuana seized as the result of a search of appellant's automobile upon the asserted ground that the signs in question were so uncertain as to render their inclusion within the penal prohibition of Sec. 65(c) of Art. 6701d, V.A.T.S., unconstitutional. Since said Sec. 65(c) makes unlawful the turning of a vehicle at an intersection other than as directed and required by an official traffic control device and authorizes the State Highway Commission and local authorities to place such devices within or adjacent to intersections, such devices become an integral part of said penal statute, and as such must meet the certainty requirements of due process the same as any other essential part of a criminal statute. Signs are within the definition of the term "traffic-control device". Sec. 18(a), Art. 6701d, V.A.T.S. Whether the signs in this instance, considering their location, visibility, possible conflict with other signs, and lack of specificity, render said statute unconstitutionally vague when applied to a criminal prosecution for an alleged violation of such signs is not necessary for a determination of the legality of the search and seizure issue. Though Sec. 153, Art. 6701d, V.A.T.S., and Art. 14.01, V.A.C.C.P., both on their face, authorize an arrest on a traffic offense only for an *actual* violation, this Court in *Soileau v. State*, 156 Tex.Cr.R. 544, 244 S.W.2d 224, has construed such statutes to require only specific facts within the presence or view of an officer for him to reasonably conclude therefrom that an offense *is being* committed in his presence or within his view.

Appellant's second ground of error contends that an offense was not shown to have been committed in the officers' presence and, therefore, the stopping of appellant was unlawful and the evidence seized thereafter illegally acquired. As stated above, proof of the actual commission of the offense is not a requisite. The facts above set out were sufficient observable facts by the officers to reasonably justify

said belief and, thus, afford them probable cause for the stopping of appellant. The ultimate determination of the constitutionality of a criminal statute, the reasonably apparent violation upon which an officer predicates an arrest cannot affect the existence or non-existence of probable cause for arrest. The primary purpose of the Exclusionary Rule is to deter police activity which could not have been reasonably believed to be lawful by the officers committing same. *United States v. Peltier*, 422 U.S. 531, 95 S.Ct. 2313, 45 L.Ed.2d 374 (1975). Furthermore, the sign arrangement at the scene was clearly sufficient to reasonably justify the officers in stopping appellant to warn him of the traffic hazard possibly created by his failure to comply with the arrows and was lawfully done under the temporary detention doctrine of *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). See *Balli v. State*, Tex. Cr.App., 530 S.W.2d 123; *Smith v. State*, Tex.Cr.App., 542 S.W.2d 420; *Long v. State*, Tex.Cr.App., 532 S.W.2d 591; *Mann v. State*, Tex.Cr.App., 525 S.W.2d 174.

In his third ground of error appellant contends that the traffic control devices were so obscure of meaning that same constituted an entrapment as a matter of law. The defense of entrapment is limited by V.T.C.A., Penal Code, Sec. 8.06, to inducement by a *law enforcement agent*, which is defined as personnel of the federal, state and local law enforcement agencies and their agents. The State Highway Commission and local traffic engineers would not fall within such definition. Furthermore, even if we were to hold that other signs tending to induce a person to violate the arrows in question could constitute entrapment, the evidence here, at the most, would merely raise an issue of fact as to the entrapment elements of inducement and likelihood of causing persons to commit the offense. Said ground is therefore overruled.

The judgment is affirmed.