Da Conturbia v. Scamardo(2) 















IN THE
TENTH COURT OF APPEALS
 

No. 10-95-283-CV
 
     FRANCO DA CONTURBIA,
                                                                                              Appellant
     v.

     W.P. SCAMARDO, STEFANO DE ASARTA,
     M.U.S.A., LTD., and BRAZOS FARM, LTD.,
                                                                                              Appellees
 

From the 82nd District Court
Robertson County, Texas
Trial Court # 94-06-14,651-CV
                                                                                                    

MEMORANDUM OPINION
                                                                                                    

      On November 18, 1996, appellant Franco da Conturbia, along with appellees Stefano de
Asarta, M.U.S.A., Ltd., and Brazos Farm, Ltd., filed a joint motion to dismiss the appeal
pursuant to Rule 59(a) of the Texas Rules of Appellate Procedure. Neither da Conturbia nor
appellee W.P. Scamardo requested that the portion of the appeal relating to da Conturbia's claims
against Scamardo be dismissed. We granted that motion on November 27, 1996.
      On March 4, 1997, da Conturbia and Scamardo filed a joint motion requesting that the
remainder of the appeal be dismissed.
      In relevant portion, Rule 59(a) provides:
(1) The appellate court may finally dispose of an appeal or writ of error as follows:
(A) In accordance with an agreement signed by all parties or their attorneys and
filed with the clerk; or
(B) On motion of appellant to dismiss the appeal or affirm the judgment
appealed from, with notice to all other parties; provided, that no other party
shall be prevented from seeking any appellate relief it would otherwise be
entitled to. 
Tex. R. App. P. 59(a).
      In the March 4 motion, da Conturbia and Scamardo state that they have reached a settlement
agreement. The motion is signed by attorneys for both parties.
      The March 4 motion to dismiss is granted. This cause is dismissed in toto with each party
to bear his own costs.
                                                                               PER CURIAM

Before Chief Justice Davis,
         Justice Cummings, and
         Justice Vance
         (Chief Justice Davis not participating)
Dismissed
Opinion delivered and filed March 12, 1997
Do not publish



he vehicle was elevated because it was
located in an area known to him to be an area where trash was frequently dumped. When
Ritter turned his patrol unit around to investigate, Joubert proceeded out of the driveway. It
appeared to Ritter that Joubert did not stop before entering the roadway. Ritter believed that,
by failing to stop before entering the roadway, Joubert had committed a traffic offense. He
stopped Joubert’s vehicle. After obtaining consent to search the vehicle, Ritter located drug
paraphernalia and a container of crack cocaine.
      Joubert asked the trial court to suppress the cocaine evidence because he claimed the stop
made was illegal. After hearing testimony from Ritter, the trial court denied Joubert’s motion.
Motion to Suppress
      On appeal, Joubert contends the trial court erred in denying his motion to suppress. He
cites three reasons to support this contention: (1) his vehicle was not in a suspicious place; (2)
he did not commit a traffic offense; and (3) the stop did not encompass the community
caretaking function of law enforcement. Because the trial court focused its holding on the
second contention, we will begin our review there as well.
      A trial court's denial of a motion to suppress is reviewed for abuse of discretion. Oles v.
State, 993 S.W.2d 103, 106 (Tex. Crim. App. 1999). The trial court's findings of fact are
given "almost total deference," and in the absence of explicit findings, the appellate court
assumes the trial court made implicit findings which were supported in the record. Carmouche
v. State, 10 S.W.3d 323, 327-28 (Tex. Crim. App. 2000); Guzman v. State, 955 S.W.2d 85,
89-90 (Tex. Crim. App. 1997). The application of relevant law, including search and seizure
law, is reviewed de novo. Id.
 

Applicable Law
      The Fourth Amendment does not forbid all seizures, just unreasonable seizures. See
Rhodes v. State, 945 S.W.2d 115, 117 (Tex. Crim. App. 1997). A police officer is generally
justified in briefly detaining an individual on less than probable cause for the purposes of
investigating possible criminal behavior where the officer can point to specific and articulable
facts, which, taken together with rational inferences from those facts, reasonably warrant the
intrusion. Terry v. Ohio, 392 U.S. 1, 21, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); Carmouche,
10 S.W.3d at 328. That is, the officer must show reasonable suspicion that the individual is
connected to criminal activity. State v. Larue, 28 S.W.3d 549, 553 n. 8 (Tex. Crim. App.
2000). This standard is an objective one: there need only be an objective basis for the stop;
the subjective intent of the officer conducting the stop is irrelevant. Garcia v. State, 43
S.W.3d 527, 530 (Tex. Crim. App. 2001). The same standards apply whether the person
detained is a pedestrian or is the occupant of an automobile. Carmouche, 10 S.W.3d at 328.
      Traffic Stop
      The reasonableness of a traffic stop must be examined in terms of the totality of the
circumstances. Woods v. State, 956 S.W.2d 33, 38 (Tex. Crim. App. 1997); Garcia v. State,
967 S.W.2d 902, 904 (Tex. App.—Austin 1998, no pet.). “[W]hen used by trained law
enforcement officers, objective facts, meaningless to the untrained, can be combined with
permissible deductions from such facts to form a legitimate basis for suspicion of a particular
person. . .” Woods, 956 S.W.2d at 37-8 (quoting U.S. v. Cortez, 449 U.S. 411, 418, 101
S.Ct. 690, 695, L.Ed.2d 621 (1981)). Proof of the actual commission of a traffic offense is
not a prerequisite to the legality of a stop. Drago v. State, 553 S.W.2d 375, 377 (Tex. Crim.
App. 1977).
      The Evidence
      At the motion to suppress hearing, Sean Ritter, a former police officer for the City of
Rice, Texas, testified that he patrolled the town for the police department on July 7, 2000. At
10 p.m. on that date, he and a reserve officer were traveling south on the southbound service
road of Interstate 45. His attention was drawn to a vehicle sitting in a driveway off the
northbound service road in which people had been known to conduct activities such as
dumping trash and urinating in public. The drive was a small, semi-circular private drive. 
The drive had been part of a gas station but the building was no longer there. Ritter suspected
that the occupant of the vehicle was there to dump trash or urinate or had fallen asleep or had
health problems. While Ritter turned around to investigate, the vehicle came out of the drive
and proceeded north on the northbound service road. Ritter noticed that the vehicle did not
appear to stop before entering the service road. Ritter believed a traffic violation of failing to
stop while exiting a private drive had been committed. He caught up with the vehicle and
pulled it over to investigate its purpose for being in the drive and for not stopping before
exiting the drive.
      Section 545.256 of the Transportation Code provides:
An operator emerging from an alley, driveway, or building in a business or
residence district shall:
(1) stop the vehicle before moving on a sidewalk or the sidewalk area extending
across an alley or driveway;
(2) yield the right-of-way to a pedestrian to avoid collision; and
(3) on entering the roadway, yield the right of way to an approaching vehicle.

Tex. Trans. Code Ann. § 545.256 (Vernon 1999). Ritter acknowledged on cross-examination that the driveway did not cross a sidewalk. He further testified that although the
business establishment was no longer there, a business named “Plantation Farms” was further
off the road and the surrounding property was owned by Plantation Farms. He acknowledged
that there were no buildings on the frontage road except for a residence a half mile away. 
Ritter stated that he had no idea whether the area with the driveway was a business or
residential district. He stated, however, that he believed the area was in a business district
because of Plantation Farms. When confronted with the definition of a business district, Ritter
agreed that the area where Joubert was stopped did not meet the definition of a business
district.


 See Tex. Trans. Code Ann. § 541.102(1) (Vernon 1999).
Application
      The trial court denied Joubert’s motion to suppress and found that the officer’s conduct in
stopping Joubert’s vehicle was reasonable in light of the circumstances, even if the stop was
made in the mistaken but good faith belief that Joubert had committed a traffic violation. 
Ritter testified that he saw Joubert’s vehicle in an area notorious for trash dumping. By the
time Ritter turned around to investigate, Joubert drove off. It appeared to Ritter that Joubert
did not stop before exiting the driveway and entering the service road. The driveway had been
a part of a gas station, but the building was no longer on the property. Plantation Farms was a
business in the vicinity further off the service road. A rational inference from these facts is
that Joubert failed to stop when exiting a private drive from a business district. Joubert
contends that because Ritter agreed that no sidewalk was present and that the area did not fit
the definition of a business district, an actual offense did not occur and therefore, the stop was
unreasonable. That is not the law. As stated previously, proof of the actual commission of the
offense is not required. Our concern is whether the specific, articulable facts, together with
rational inferences, reasonably warranted the intrusion of the stop. In this case, based on the
totality of the circumstances, the stop is not rendered unreasonable simply because no sidewalk
existed or because the area was not an actual business district as defined by the Transportation
Code. Ritter had reasonable suspicion to believe Joubert had committed a traffic offense. 
Thus, the stop was not illegal, and the trial court did not err in denying Joubert’s motion to
suppress.
Conclusion
      Having upheld the trial court’s decision on one ground raised by Joubert, we need not
address Joubert’s remaining contentions in support of his first issue. Thus, his issue is
overruled, and the trial court’s judgment is affirmed.
 

                                                                   TOM GRAY
                                                                   Chief Justice

Before Chief Justice Gray,
      Justice Vance, and
      Justice Reyna



      (Justice Vance concurring)
Affirmed
Opinion delivered and filed January 21, 2004
Publish
[CR25]