header.ag1



NUMBER 13-99-613-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

________________________________________________________

SABINO LOPEZ, Appellant,



v.


THE STATE OF TEXAS, Appellee.

________________________________________________________


On appeal from the County Court At Law No. 1

of Calhoun County, Texas.

________________________________________________________


O P I N I O N

Before Chief Justice Valdez and Justices Yañez and Castillo

Opinion by Chief Justice Valdez


This is an appeal by Sabino Lopez of the trial court's denial of a motion to suppress. Lopez was arrested and charged with
driving while intoxicated after an officer witnessed Lopez driving his vehicle without having the headlights on. Lopez filed
a motion to suppress the evidence obtained as a result of the traffic stop, claiming there was an insufficient basis for the
stop and that the stop was not based on reasonable suspicion. The trial court denied the motion. Lopez subsequently pled
guilty and appealed the denial of the motion to suppress. We agree with the decision of the trial court and affirm.

Facts


The only evidence at the suppression hearing was the testimony of Deputy Tillmon. Deputy Tillmon was patrolling the
area of Interstate 35 and Highway 87, going toward Port Lavaca at approximately 6:00 p.m. on February 14, 1998. During 
his routine patrol, he noticed Sabino Lopez's vehicle waiting at the intersection of I-35 and Hwy 87, without the headlights
on. Deputy Tillmon attempted to attract Lopez's attention by twice flashing his lights at Lopez. After receiving no
response, Tillmon pulled up behind Lopez at the stop light. However, once the light turned green, Lopez then accelerated
quickly, spinning the tires on his vehicle. Tillmon stopped Lopez to investigate the traffic violations committed in his
presence. During Tillmon's investigation, Tillmon determined Lopez was intoxicated and placed Lopez under arrest for
driving while intoxicated.

In a single issue, Lopez contends he was not required to have his headlights on because section 547.302 of the
Transportation Code requires a vehicle to display headlights only at nighttime. Tex. Transp. Code Ann. § 547.302(a)(1)
(Vernon 1999). Nighttime means the period beginning one-half hour after sunset and ending one-half hour before sunrise. 
Tex. Transp. Code Ann. §541.401(5) (Vernon 1999). The sun set at 6:17 p.m., so Lopez argues he had until 6:47 p.m. to
turn his headlights on. Deputy Tillmon stopped Lopez at approximately 6:00 p.m. Therefore, Lopez contends he had
forty-seven minutes to put his lights on. 

Further, section 547.302(a)(2) of the Transportation Code requires drivers to have their headlights on when light is
insufficient or atmospheric conditions are unfavorable so that a person or vehicle on the highway is not clearly discernable
at a distance of 1,000 feet ahead. Tex. Transp. Code Ann. § 547.302(a)(2) (Vernon 1999). Lopez further contends that the
statute requires Tillmon to have been 1,000 feet away to make the determination of whether Lopez's vehicle would not have
been clearly discernable. Therefore, Lopez claims, there was an insufficient basis for the stop because the stop was not
based on reasonable suspicion.

The State responds that there was probable cause for the investigative stop of Lopez, because Tillmon had a reasonable
suspicion supported by articulable facts that criminal activity may have been afoot. Therefore, Tillmon was allowed to stop
and briefly detain Lopez for investigative purposes and the motion to suppress was correctly denied.

Standard of Review


In reviewing a trial court's ruling on a motion to suppress, we afford almost total deference to the trial court's determination
of the historical facts that the record supports, especially when the trial court's findings turn on evaluating a witness's
credibility and demeanor. State v. Ross, 32 S.W.3d 853, 856 (Tex. Crim. App. 2000);Guzman v. State, 955 S.W.2d 85, 89
(Tex. Crim. App. 1997). We afford the same amount of deference to the trial court's ruling on "application of law to fact
questions," also known as "mixed questions of law and fact," if resolving those ultimate questions turns on evaluating
credibility and demeanor. Ross, 32 S.W.3d at 856;Guzman, 955 S.W.2d at 89. However, we review de novo questions of
law and "mixed questions of law and fact" that do not turn on an evaluation of credibility and demeanor. Ross, 32 S.W.3d
at 856; Guzman, 955 S.W.2d at 89. A review of a trial court's ruling on a motion to suppress presents an application of law
to a fact question. Maestas v. State, 987 S.W.2d 59, 62 (Tex. Crim. App. 1999). 

In this case, the trial judge did not specify his reasons for denying the motion to suppress. Where, as here, no findings of
fact are filed by the trial court, "we view the evidence in the light most favorable to the trial court's ruling and assume that
the trial court made implicit findings of fact that support its ruling as long as those findings are supported by the record." 
Ross, 32 S.W.3d at 855. If the trial judge's ruling on a motion to suppress is correct on any theory of the law applicable to
the case, we will sustain it. State v. Avila, 910 S.W.2d 505, 508 (Tex. App.--El Paso 1994, pet. ref'd). 

The issue before us presents a mixed question of law and fact that does not turn on an evaluation of the credibility of the
witnesses. Guzman, 955 S.W.2d at 89. We will, therefore, utilize a de novo standard of review.See id. Analysis

Under the principles first set forth in Terry v. Ohio, a police officer may stop and briefly detain a person for investigative
purposes, even if the officer lacks evidence rising to the level of probable cause. Terry v. Ohio, 392 U.S. 1, 29 (1968);
Davis v. State, 947 S.W.2d 240, 244 (Tex. Crim. App. 1997). To justify the intrusion, the officer must have specific
articulable facts, which, in light of his experience and personal knowledge together with inferences from those facts, would
reasonably warrant the intrusion on the freedom of the individual detained for further investigation. Terry, 392 U.S. at 29.

 Committing a traffic violation in an officer's presence provides probable cause and justifies detention. Garcia v. State, 827
S.W.2d 937, 944 (Tex. Crim. App. 1992). However, in determining whether a traffic violation has been committed, the
principles of Terry apply, just as they do to other crimes. Drago v. State, 553 S.W.2d 375, 377-78 (Tex. Crim App. 1977).

Deputy Tillmon stopped Lopez based on a reasonable suspicion that a traffic violation had occurred. Section 547.302 of the
Transportation Code provides:

(a) A vehicle shall display each lighted lamp and illuminating device required by

this chapter to be on the vehicle: 

(1) at nighttime; and

(2) when light is insufficient or atmospheric conditions are unfavorable so that a person or vehicle is not clearly discernable
at a distance of 1,000 feet ahead. 



Tex. Transp. Code Ann. § 547.302 (Vernon 1999).



Deputy Tillmon testified it had rained earlier that evening, and the cloudy sky had made it darker than usual at that time of
day. Further, State's Exhibit No.1 indicates that the local weather service predicted cloudy weather, with a sixty percent
chance of rain and thunderstorms. In addition, Deputy Tillmon testified the surrounding cars, as well as his car, all had
their headlights on, and he did not believe it was bright enough to see Lopez's vehicle from over 1,000 feet away without
the headlights on. Therefore, Deputy Tillmon had a reasonable belief section 547.302(a)(2) had been violated and had the
authority to stop and detain Lopez for that violation. 

 Deputy Tillmon also testified that, while he was attempting to signal Lopez to pull over, he witnessed Lopez's tires
smoking due to the rapid acceleration. Deputy Tillmon stated that Lopez then proceeded to drive across the entire
intersection with the tires smoking. Such action by Lopez constituted an additional traffic violation, exhibition of speed. 
Tex. Transp. Code Ann. §545.420 (Vernon 1999).Conclusion

In conclusion, we find Deputy Tillmon had reasonable suspicion to temporarily detain Lopez after having observed Lopez
commit two traffic violations. Deputy Tillmon had specific articulable facts that would reasonably warrant a detention for
further investigation. Therefore, the trial court was correct in denying the motion to suppress.

We AFFIRM the judgment of the trial court.



ROGELIO VALDEZ

Chief Justice



Do not publish.

Tex. R. App. P. 47.3.



Opinion delivered and filed this

the 12th day of July, 2001.