NUMBER 13-05-540-CR

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI - EDINBURG  

 

ALMA GARZA MARTINEZ,                                                              Appellant,

 

v.

 

THE STATE OF TEXAS,                                                                 Appellee.

 

                             

On appeal from the County Court at
Law No. 2 

of Hidalgo County, Texas.

 

DISSENTING MEMORANDUM OPINION

 

                     Before
Justices Hinojosa, Rodriguez, and Garza

                  Dissenting Memorandum Opinion
by Justice Garza

I respectfully dissent.  








We review a trial court=s ruling on a motion to suppress under a bifurcated
standard of review.  Ford v. State,
158 S.W.3d 488, 493 (Tex. Crim. App. 2005); Carmouche v. State, 10
S.W.3d 323, 327 (Tex. Crim. App. 2000); Guzman v. State, 955 S.W.2d 85,
89 (Tex. Crim. App. 1997).  A trial court=s denial of a motion to suppress is reviewed for
abuse of discretion.  Oles v. State,
993 S.W.2d 103, 106 (Tex. Crim. App. 1999). 
The trial court=s findings of fact are given Aalmost total deference,@ and in the absence of explicit findings, the
appellate court assumes the trial court made whatever appropriate implicit
findings that are supported by the record. 
Carmouche, 10 S.W.3d at 327-28; Guzman, 955 S.W.2d at
89-90.  But when the trial court=s rulings do not turn on the credibility and
demeanor of the witnesses, we review de novo a trial court=s rulings on mixed questions of law and fact.  Estrada v. State, 154 S.W.3d 604, 607
(Tex. Crim. App. 2005).  Therefore,
although due weight should be given to the inferences drawn by trial judges and
law enforcement officers, determinations of matters such as reasonable
suspicion and probable cause are reviewed de novo on appeal.   Guzman, 955 S.W.2d at 87 (citing Ornelas
v. United States, 517 U.S. 690, 691 (1996)). 

It is well settled that a traffic violation
committed in an officer=s presence authorizes an initial stop.  Armitage v. State, 637 S.W.2d 936, 939
(Tex. Crim. App. 1982).  Reasonable
suspicion exists if an officer can articulate specific facts, in combination
with rational inferences from those facts, that lead him to reasonably conclude
that a particular person actually is, has been, or soon will be engaged in
criminal activity.  Terry v. Ohio,
392 U.S. 1, 21 (1968); Garcia v. State, 43 S.W.3d 527, 530 (Tex. Crim.
App. 2001); Carmouche, 10 S.W.3d at 328.   This is an objective standard, irrespective
of any subjective intent of the officer making the stop, and looks solely to
whether an objective basis for the stop exists. 
Garcia, 43 S.W.3d at 530. 
An appellate court reviews a reasonable suspicion determination by
reviewing the totality of the circumstances.  Id.; Woods v. State, 956 S.W.2d 33,
37 (Tex. Crim. App. 1997). 








When used by trained law enforcement officers,
objective facts, meaningless to the untrained, can be combined with permissible
deductions from such facts to form a legitimate basis for suspicion of a
particular person.  Woods, 956
S.W.2d at 37-38.  Generally, what appears
to be a violation of the Texas Transportation Code gives rise to reasonable
suspicion in support of a valid traffic stop. 
See Tyler v. State, 161 S.W.3d 745, 750 (Tex. App.B Fort Worth 2005, no pet.); see also Powell
v. State, 5 S.W.3d 369, 376 (Tex. App.BTexarkana 1999, pet. ref=d) (citing Drago v. State, 553 S.W.2d 375,
377-78 (Tex. Crim. App. 1977).  

The relevant law, section 544.007(d) of the
transportation code, states that an operator of a vehicle facing a steady red
signal must stop at a clearly marked stop line or (in the absence of a stop
line) before entering the crosswalk on the near side of the intersection.  See Tex.
Transp. Code Ann. ' 544.007(d) (Vernon Supp. 2005).  Unless the vehicle is turning, it must remain
standing Auntil an indication to proceed is shown.@  Id.  

The majority states that the officer did not have
reasonable suspicion to stop appellant because he never testified that the
light was red.  They further note that
because the officer did not ticket appellant for running a red light, there
must not have been a violation of section 544.007(d).  The majority=s
opinion misplaces its focus and overlooks the officer=s testimony and the trial court=s ability to draw inferences from articulated facts
to form a legitimate basis for suspicion. 








In the present case, during the hearing on the
motion to suppress evidence, the trial court heard testimony from Officer
Escalon that on August 4, 2004, at about 2:20 a.m., he observed appellant=s vehicle fail to stop at the designated point
(white lines) at the intersection of 2nd and Nolana (specifically that
appellant=s vehicle stopped about 10 feet after crossing the
lines).  On direct examination Escalon
testified that after appellant crossed the white lines, she backed up her
vehicle.  He further testified that  A[appellant] started backing up and then the light
changed to green and she proceeded to move forward again.@  The officer
further testified on cross-examination as follows: 

Q:                                            -
- at that point when she backed up, was she behind that line? 

 

A: [Officer Escalon]:  Yes, she was

 

Q:                                            Now
at the time that she=s behind this line, the light is red, right?

 

A: [Officer Escalon]:  Yes, sir.

 








I would hold that, based on the totality of the
circumstances, the specific objective, articulable facts of the officer, in
light of the officer=s experience and personal knowledge together with
inferences from those facts, were sufficient to support the trial court=s finding of reasonable suspicion that a traffic
violation occurred.[1]  In addition, although there were not explicit
findings of fact, I would conclude that the trial court, based upon the
evidence presented (most importantly that the light changed to green as
appellant was backing up), implicitly found that the light was red at the time
appellant=s vehicle crossed the white lines.  See Carmouche, 10 S.W.3d at 327-28; Guzman,
955 S.W.2d at 89-90.  Moreover, the fact
that appellant was not ticketed for any offense is of no consequence because
proof of an actual commission of a traffic offense is not required; instead,
only a reasonably apparent violation is required.  See Drago, 553 S.W.2d at 377-78.  Accordingly, I would overrule appellant=s issue.   

 

 

                                                                               

DORI CONTRERAS GARZA,

Justice

 

Do not publish.                                              

Tex. R. App. P. 47.2(b).

Dissenting Memorandum Opinion delivered 

and filed this the 6th day of July, 2006.











[1] In addition, we note that although
reversing a vehicle may not be a violation of the transportation code, section
544.007(d) states that a vehicle must remain standing until an
indication to proceed is shown.  Tex. Transp. Code Ann. ' 544.007(d) (Vernon Supp. 2005)
(emphasis added). Thus, the act of reversing her vehicle, albeit after crossing
the white lines, could be a violation for failure to remain standing as
contemplated by section 544.007(d).  See
id.