# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 7, 2008

Charles R. Fulbruge III
Clerk

No. 07-51037
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

V.

FREDERICO BENITO LOPEZ

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No.7:07-cr-00030

Before STEWART, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Frederico Benito Lopez appeals his conviction for possession with the intent to distribute methamphetamine and possession of a firearm in furtherance of a drug-trafficking crime. Lopez argues that the district court abused its discretion by reopening the hearing on his motion to suppress at the Government's request and then erred by denying the motion. We disagree and affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

I. Facts and Procedural Background

On February 20, 2007, Midland (Texas) Police Officer Scott Howard responded to a call from a police dispatcher reporting that a citizen had called the 911 emergency number to report that an individual in a maroon vehicle was stalled at a busy intersection and the driver appeared to have "passed out." The officer very quickly arrived at the scene, but the vehicle was no longer at the intersection. He observed the vehicle traveling northbound at a high rate of speed. He pursued the vehicle and ultimately confronted the driver, the Defendant Lopez, in a parking lot. Another officer arrived shortly thereafter, searched Lopez, and found a handgun and 7.1 grams of methamphetamine.

Lopez moved to suppress the gun and drugs, arguing that the vehicle stop violated the Fourth Amendment because Officer Howard did not have reasonable suspicion that a crime had been committed.[1] At the initial suppression hearing, the Government offered only Officer Howard's testimony regarding the relevant events. At the conclusion of that testimony, the district court asked the parties to argue the relevance of a precedent analyzing the stop of a vehicle that had been identified solely by its color. United States v. Jaquez, 421 F.3d 338 (5th Cir. 2005). After providing copies of the Jaquez opinion to counsel and permitting a fifteen minute recess, the court heard arguments. The motion was then taken under advisement. Two days later, the Government moved to reopen the suppression hearing in order to introduce the transcript of the 911 call that identified Lopez's vehicle and detailed his behavior. Lopez objected to the Government's motion, but the district court reopened the hearing.

At the second hearing, the government offered a recording and transcript of the 911 call regarding Lopez's stalled vehicle. The caller, who identified himself, reported that Lopez was "slumped" in his vehicle and had sat through multiple light changes at the intersection. The caller also stated that Lopez

---

[1] Lopez did not separately challenge the search of his person that occurred after he was confronted by Officer Howard.

appeared to be "drunk or something was wrong." The dispatch officer who took the call and relayed the information to Officer Howard also testified at the second hearing. She explained that she remained in communication with the caller while simultaneously relaying information to Officer Howard. The caller confirmed that the maroon vehicle had begun to move about the same time that Officer Howard arrived. This reinforced Officer Howard's belief that he was pursuing the correct vehicle.

After receiving this additional evidence, the district court denied Lopez's motion to suppress, finding that Officer Howard had "probable cause" to stop Lopez for failing to comply with traffic-control devices, in violation of Texas Transportation Code § 544.004 (Vernon 1999). Alternatively, the district court held that Officer Howard was performing a "community caretaking" function when he stopped Lopez. Lopez entered a conditional guilty plea, but preserved his right to appeal the denial of his motion to suppress. This appeal followed.

## II. Analysis

Lopez argues that the district court abused its discretion by reopening the hearing. Lopez proposes that such an abuse occurs if the Government (1) does not show that new evidence justifies reopening the hearing and (2) fails to explain its failure to present the new evidence at the original hearing. See United States v. Bayless, 201 F.3d 116, 131-32 (2d Cir. 2000) (describing but not adopting this standard). Lopez also cites two other cases that allegedly support such a standard. United States v. Hassan, 83 F.3d 693, 696 (5th Cir. 1996); United States v. Mercadel, 75 F. App'x 983 (5th Cir. 2003) (unpublished). In Hassan, this court affirmed a district court's refusal to reopen a suppression hearing because the government had been given "ample time to prepare for the previous hearing and the [c]ourt spent considerable time reviewing the facts of [the] case." 83 F.3d at 696. In Mercadel, this court affirmed the district court's refusal to reopen a suppression hearing for the purposes of accepting new evidence that would not have created a genuine factual dispute on an outcome

3

determinative fact. 75 F. App'x 983 at \*\*5-6. In both cases, the district court had previously ruled on the motion to suppress.

Lopez's case differs. Importantly, the Government moved to reopen before the district court ruled, but after the court's request for briefing on a recent precedent. The motion to reopen, made only a few days after the initial hearing, addressed concerns and analyzed precedent that had been raised sua sponte by the district court during the initial hearing.

Regardless of the precise standard to be applied to review the district court's discretion, in this case there was a need to respond to the court's concern regarding the import of a specific precedent, not relied upon by either party in prior briefing. Because Lopez has not shown that the district court had an erroneous view of the law or made a clearly erroneous assessment of the evidence, he has not demonstrated that the court abused its discretion in granting the Government's motion to reopen. Hassan, 83 F.3d at 696.

Lopez also argues that the district court erred in denying his motion to suppress. The reasonableness of an investigatory stop is a question of law, which this court reviews de novo. Jaquez, 421 F.3d at 341. The court must determine whether, when viewed in the context of the totality of the circumstances, the officer had reasonable suspicion that criminal activity may be afoot. Id. at 340-41. This court has recognized that "[a]n ordinary citizen's eyewitness account of criminal activity and identification of a perpetrator is normally sufficient to supply probable cause to stop the suspect." United States v. Burbridge, 252 F.3d 775, 778 (5th Cir. 2001). Officer Howard had no reason to believe that the eyewitness-caller was lying, mistaken, or otherwise inaccurately recounting Lopez's conduct. Under these circumstances, we agree with the district court's determination that Officer Howard had probable cause to make the stop based upon the 911 caller's account of Lopez's criminal activity and his own efforts to corroborate the caller's identification of Lopez's vehicle. See id. at 778. Consequently, we do not reach the alternative ground relied upon

by the district court. See United States v. Encarnacion-Galvez, 964 F.2d 402, 410 n.23 (5th Cir. 1992).

Lopez argues that even if the caller's account of his conduct was sufficient to supply probable cause, Officer Howard did not have authority under Texas law to arrest Lopez for a misdemeanor traffic violation that was committed outside of his presence. In other words, because Officer Howard was relying on mere reports of a traffic violation, he allegedly had no authority to stop or arrest Lopez. See Tex. Code Crim. Proc. art. 14.01 & 14.03; Drago v. State, 553 S.W.2d 375, 377 (Tex. Crim. App. 1977). Even if we accept Lopez's interpretation of Texas law, his argument would not require suppression of evidence under the federal constitution. This is because "[w]hether the Fourth Amendment has been violated is determined solely by looking to federal law on the subject." United States v. Walker, 960 F.2d 409, 415 (5th Cir. 1992). The Supreme Court recently unanimously held that evidence obtained after a traffic stop and arrest based on probable cause could be used in a prosecution even though state law did not permit an arrest for the misdemeanor offense. Virginia v. Moore, 128 S. Ct. 1598, 1606-07 (2008). We have not been shown any basis to conclude that the Constitution prohibits an arrest based on probable cause, when the cause is a sufficient report of a  misdemeanor unobserved by the arresting officer. The evidence properly obtained after the arrest was admissible.

For these reasons, the judgment is AFFIRMED.