

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

## NO. 02-10-00317-CR

DONALD ADAMS LOTHROP                                    APPELLANT

V.

THE STATE OF TEXAS                                          STATE

----------

FROM THE COUNTY COURT AT LAW OF WISE COUNTY

----------

## MEMORANDUM OPINION[1]

----------

This is an appeal resulting from a guilty plea to the offense of driving while intoxicated pursuant to an agreed plea recommendation that was approved by the trial court. Punishment was assessed at 180 days in the county jail and a fine of $1,500.00. Imposition of the jail time was suspended, and Appellant was placed on community supervision for a period of sixteen months. Appeal in this case is pursuant to Texas Code of Criminal Procedure section 44.02. Appellant filed a pretrial motion to suppress challenging the initial stop of his vehicle. The

---

[1]See Tex. R. App. P. 47.4.

trial court overruled the motion, and this appeal followed.  In his sole point, Appellant contends that the traffic stop of his vehicle was not based on either probable cause or reasonable suspicion.  We disagree and affirm.

**FACTS**

The record shows that Officer Vince Estel of the Boyd Police Department was traveling eastbound on State Highway 114 in Wise County when he was approached by oncoming, westbound traffic.  Estel saw a lead vehicle in the westbound lane begin to slow for an upcoming intersection of Highway 114 and a railway crossing.  He then witnessed a second vehicle, driven by Appellant, pass the lead vehicle by using the improved shoulder of the highway.  Both westbound vehicles, the lead vehicle and Appellant's vehicle, crossed the railroad tracks at about the same time.  Having personally witnessed this, Estel effectuated a traffic stop pursuant to Texas Transportation Code section 545.058(a).[2]  The traffic stop resulted in an investigation, prosecution, and conviction of Appellant for the offense of driving while intoxicated.

---

[2]In pertinent part, the statute provides that

(a) an operator may drive on an improved shoulder to the right of the main traveled portion of a roadway *if that operation is necessary and may be done safely,* but only:

. . .

(4) to pass another vehicle that is slowing or stopped on the main traveled portion of the highway, disabled, or preparing to make a left turn.

Tex. Transp. Code Ann. § 545.058(a)(4) (West 2011) (emphasis added)*.*

2

**ARGUMENTS OF PARTIES**

In his brief to this court, Appellant points out that his initial argument prior to the motion to suppress hearing was that he was passing a vehicle that had slowed to make a left turn at an intersection, which would have arguably brought him within the exception for passing "*another vehicle . . . preparing to make a left turn*." *Id.* (emphasis added). However, immediately upon conclusion of the suppression hearing and in his brief, he argues that the facts herein fit the portion of subsection (a)(4) that provides an exception for passing "*another vehicle that is slowing or stopped on the main traveled portion of the highway.*" *See id.* (emphasis added)*.* He argues that the uncontested testimony of Estel established that Appellant attempted to pass the lead vehicle, which was slowing down in the main portion of the highway, on the shoulder of said highway. He avers that since such testimony was uncontroverted, his defense was established as a matter of law and he was thus entitled to relief.[3]

The State agrees that the testimony of Estel was uncontroverted and undisputed, but disagrees with Appellant on the conclusions to be drawn from that testimony. The State appears to argue that Appellant failed to raise a complete defense under section 545.058(a)(4) in that Appellant failed to produce evidence that passing on the shoulder was *necessary* and *done safely* pursuant

---

[3]Not surprisingly, though Appellant did not formally abandon his "left turn" argument, he essentially jettisoned it in favor of his "passing on the shoulder" defense. Inferentially, the trial court believed Estel's testimony that there was no place for the lead vehicle to turn left as it was being passed by Appellant. Pursuing reversal of trial court credibility determinations on appeal generally produces very limited success.

to subsection (a). The State takes the position that it made a prima facie case for reasonable suspicion under section 545.058(a)(4) when Estel first observed Appellant drive on the shoulder of the roadway to the right of the lead car at the railroad tracks. Although the State did not explicitly argue that Appellant had the burden of production of potential defensive evidence, the tenor of its argument in its brief is that Appellant did not elicit any evidence either from the officer or Appellant that would have raised a defense under section 545.058(a)(4).

**STANDARD OF REVIEW**

We review a trial court's ruling on a motion to suppress evidence under a bifurcated standard of review. *Carmouche v. State*, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000); *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). When the trial court's rulings do not turn on the credibility and demeanor of the witnesses, we review de novo a trial court's rulings on mixed questions of law and fact. *Johnson v. State*, 68 S.W.3d 644, 652–53 (Tex. Crim. App. 2002). When the trial court does not make explicit findings of historical facts, as in this case, we review the evidence in the light most favorable to the trial court's ruling and assume the trial court made implicit findings of fact supporting its ruling, so long as those findings are supported by the record. *Carmouche*, 10 S.W.3d at 327–28.

**REASONABLENESS OF STOP**

When an individual is stopped without a warrant, the State bears the burden to prove the reasonableness of the warrantless detention. *See Ford v. State*, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005). An officer conducts a lawful

4

temporary detention when he has reasonable suspicion to believe that an individual is violating the law. *Id.* The burden is on the State to elicit testimony showing sufficient facts to create a reasonable suspicion. *Garcia v. State*, 43 S.W.3d 527, 530 (Tex. Crim. App. 2001). The State need not establish with absolute certainty that a crime has occurred to show reasonable suspicion. *Id.* An officer needs only a reasonable basis for suspecting that a person has committed a traffic offense to initiate a legal traffic stop. *See Gajewski v. State*, 944 S.W.2d 450, 452 (Tex. App.—Houston [14th Dist.] 1997, no pet.); *Drago v. State*, 553 S.W.2d 375, 377–78 (Tex. Crim. App. 1977).

**APPLICABLE LAW**

Although section 545.058 is not entirely clear, it appears as if the offense of driving on the shoulder is implicit in the wording and structure of the seven exceptions. In other words, driving on the shoulder of a roadway is an offense by implication because the seven exceptions expressly provide a defense to driving on the shoulder. Unless there is further showing, driving on the shoulder is prima facie evidence that an offense has been committed. *See* Tex. Transp. Code Ann. § 545.058(a)(1)–(7); *see also Tyler v. State*, 161 S.W.3d 745, 749–50 (Tex. App.—Fort Worth 2005, no pet.)

In *Tyler* this court was confronted with a very similar issue to that in the instant case. Tyler was observed by a police officer driving his vehicle across the traveling lane of a roadway onto the shoulder and straddling the shoulder and the traveling lane for a brief period of time. The State maintained that reasonable suspicion existed for the officer to temporarily detain Tyler because he committed

5

the offenses of failure to stay in a single marked lane, *see* Tex. Transp. Code Ann. § 545.060(a) (West 2011) and driving on the shoulder. *See Tyler*, 161 S.W.3d at 747. This court held that there was no evidence in the record indicating that it was "necessary" for Tyler to drive on the shoulder under any one of the exceptions listed in section 545.058(a). *Id.* at 750. This court observed that there were three elements contained in section 545.058(a) that would be a necessary predicate to the establishment of a defense under that section: (1) driving on the shoulder was done safely, (2) it was done of necessity, and (3) only then to effectuate one of the seven defenses enumerated. *See id.* at 749–50; *see also* Tex. Transp. Code Ann. § 545.058(a)(1)–(7).

Although not explicitly stated in our opinion in *Tyler*, implicit in our holding is that in a case where reasonable suspicion is the justification offered by the State for a traffic stop, once the State makes a prima facie showing of a traffic offense, a burden of production then shifts to the defendant to show, through direct or cross-examination, that driving on the shoulder was done (1) safely, (2) out of necessity, and (3) to effectuate one of the seven defenses enumerated in the statute. *See Tyler*, 161 S.W.3d at 749–50; Tex. Transp. Code Ann. § 545.058(a)(1)–(7). The burden of proof, of course, remains on the State to prove guilt beyond a reasonable doubt. Tex. Penal Code Ann. § 2.01 (West 2011). Although the defenses listed in section 545.058(a) are not labeled such that Texas Penal Code section 2.03(a) would be facially applicable, the structure of the statute is analagous to self-defense found in Texas Penal Code section 9.31 (self-defense). *See* Tex. Penal Code Ann. §§ 2.03(a), 9.31 (West 2011).

6

The Texas Court of Criminal Appeals interpreted the two burdens (production and persuasion) extant in self-defense in *Zuliani v. State*, 97 S.W.3d 589, 594 (Tex. Crim. App. 2003).

In *Zuliani*, the court of criminal appeals opined "a defendant bears the burden of production, which requires the production of some evidence that supports the particular defense." *Id.* (quoting *Saxton v. State*, 804 S.W.2d 910, 913 (Tex. Crim. App. 1991)). Once the defendant comes forward with such evidence, the State then bears the burden of persuasion to disprove the raised defense. *See id.* The burden of persuasion is not one that requires the production of evidence; rather, it requires only that the State prove its case beyond a reasonable doubt. *See id.* This apportionment of the burdens of production and persuasion is also applicable to the seven defenses in section 545.058(a), and it was implicit in our holding in *Tyler.*

**APPLICATION OF LAW TO FACTS**

In the instant case, as was alluded to earlier, Appellant has essentially abandoned his "left turn" defense and now argues in this court that he was attempting "to pass another vehicle that [was] slowing or stopped on the main traveled portion of the highway." *See* Tex. Transp. Code Ann. § 545.058(a)(4). This evidence was developed by both the State and Appellant in the record, and both concede its existence. However, no evidence was offered by either side to the effect that Appellant's slowing or passing the stopped vehicle was either necessary or safe as required by the statute and this court's decision in *Tyler.* Indeed, the only evidence remotely relevant was offered by the State when Estel

7

testified that Appellant passed the lead vehicle when both vehicles were passing over railroad tracks. It would be difficult to imagine a scenario when such an action would be either necessary or safe, and none was presented by Appellant. Appellant failed to satisfy his burden of production. Since no findings and conclusions are in the record, we consider the implied findings of the trial court that are consistent with the law, which we have reviewed de novo. The record being devoid of any facts that would have shown that driving on the shoulder was necessary and safe, we are constrained to find that Appellant did not carry his burden of production and that reasonable suspicion for Estel to stop Appellant's vehicle for driving on the shoulder of the roadway was shown to be in accordance with the law. Appellant's sole point is overruled.

The judgment of the trial court is affirmed.


PER CURIAM

PANEL: CHARLES F. CAMPBELL (Senior Judge, Retired, Sitting by Assignment); LIVINGSTON, C.J.; and GABRIEL, J.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: August 31, 2011