02-10-317-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO.  02-10-00317-CR

 

 


 
 
 Donald Adams Lothrop
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

----------

 

FROM THE County
Court at Law OF Wise COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

 

          This
is an appeal resulting from a guilty plea to the offense of driving while intoxicated
pursuant to an agreed plea recommendation that was approved by the trial court.
 Punishment was assessed at 180 days in the county jail and a fine of
$1,500.00.  Imposition of the jail time was suspended, and Appellant was placed
on community supervision for a period of sixteen months.  Appeal in this case
is pursuant to Texas Code of Criminal Procedure section 44.02.  Appellant filed
a pretrial motion to suppress challenging the initial stop of his vehicle.  The
trial court overruled the motion, and this appeal followed.  In his sole point,
Appellant contends that the traffic stop of his vehicle was not based on either
probable cause or reasonable suspicion.  We disagree and affirm.

FACTS

          The
record shows that Officer Vince Estel of the Boyd Police Department was
traveling eastbound on State Highway 114 in Wise County when he was approached
by oncoming, westbound traffic.  Estel saw a lead vehicle in the westbound lane
begin to slow for an upcoming intersection of Highway 114 and a railway
crossing.  He then witnessed a second vehicle, driven by Appellant, pass the
lead vehicle by using the improved shoulder of the highway.  Both westbound
vehicles, the lead vehicle and Appellant’s vehicle, crossed the railroad tracks
at about the same time.  Having personally witnessed this, Estel effectuated a
traffic stop pursuant to Texas Transportation Code section 545.058(a).[2]
 The traffic stop resulted in an investigation, prosecution, and conviction of
Appellant for the offense of driving while intoxicated.

 

ARGUMENTS
OF PARTIES

          In
his brief to this court, Appellant points out that his initial argument prior
to the motion to suppress hearing was that he was passing a vehicle that had slowed
to make a left turn at an intersection, which would have arguably brought him
within the exception for passing “another vehicle . . . preparing to
make a left turn.”  Id. (emphasis added).  However,
immediately upon conclusion of the suppression hearing and in his brief, he
argues that the facts herein fit the portion of subsection (a)(4) that provides
an exception for passing “another vehicle that is slowing or stopped on the
main traveled portion of the highway.”  See id. (emphasis added). 
He argues that the uncontested testimony of Estel established that
Appellant attempted to pass the lead vehicle, which was slowing down in the
main portion of the highway, on the shoulder of said highway.  He avers that
since such testimony was uncontroverted, his defense was established as a
matter of law and he was thus entitled to relief.[3]

          The
State agrees that the testimony of Estel was uncontroverted and undisputed, but
disagrees with Appellant on the conclusions to be drawn from that testimony. 
The State appears to argue that Appellant failed to raise a complete defense
under section 545.058(a)(4) in that Appellant failed to produce evidence that
passing on the shoulder was necessary and done safely pursuant
to subsection (a).  The State takes the position that it made a prima facie case
for reasonable suspicion under section 545.058(a)(4) when Estel first observed
Appellant drive on the shoulder of the roadway to the right of the lead car at
the railroad tracks.  Although the State did not explicitly argue that
Appellant had the burden of production of potential defensive evidence, the
tenor of its argument in its brief is that Appellant did not elicit any
evidence either from the officer or Appellant that would have raised a defense
under section 545.058(a)(4).

STANDARD
OF REVIEW

          We
review a trial court’s ruling on a motion to suppress evidence under a
bifurcated standard of review.  Carmouche v. State, 10 S.W.3d 323,
327 (Tex. Crim. App. 2000); Guzman v. State, 955 S.W.2d 85, 89
(Tex. Crim. App. 1997). When the trial court’s rulings do not turn on the
credibility and demeanor of the witnesses, we review de novo a trial
court’s rulings on mixed questions of law and fact.  Johnson v.
State, 68 S.W.3d 644, 652–53 (Tex. Crim. App. 2002).  When the trial
court does not make explicit findings of historical facts, as in this case, we
review the evidence in the light most favorable to the trial court’s ruling and
assume the trial court made implicit findings of fact supporting its ruling, so
long as those findings are supported by the record.  Carmouche, 10
S.W.3d at 327–28.

REASONABLENESS
OF STOP

          When
an individual is stopped without a warrant, the State bears the burden to prove
the reasonableness of the warrantless detention.  See Ford v. State, 158
S.W.3d 488, 492 (Tex. Crim. App. 2005).  An officer conducts a lawful temporary
detention when he has reasonable suspicion to believe that an individual is
violating the law.  Id.  The burden is on the State to elicit testimony
showing sufficient facts to create a reasonable suspicion.  Garcia v. State,
43 S.W.3d 527, 530 (Tex. Crim. App. 2001).  The State need not establish
with absolute certainty that a crime has occurred to show reasonable suspicion.
 Id. An officer needs only a reasonable basis for suspecting that a person
has committed a traffic offense to initiate a legal traffic stop.  See
Gajewski v. State, 944 S.W.2d 450, 452 (Tex. App.––Houston [14th
Dist.] 1997, no pet.); Drago v. State, 553 S.W.2d 375, 377–78
(Tex. Crim. App. 1977).

APPLICABLE
LAW 

          Although
section 545.058 is not entirely clear, it appears as if the offense of driving
on the shoulder is implicit in the wording and structure of the seven
exceptions.  In other words, driving on the shoulder of a roadway is an offense
by implication because the seven exceptions expressly provide a defense to
driving on the shoulder.  Unless there is further showing, driving on the
shoulder is prima facie evidence that an offense has been committed.  See
Tex. Transp. Code Ann. § 545.058(a)(1)–(7); see also Tyler v. State,
161 S.W.3d 745, 749–50 (Tex. App.––Fort Worth 2005, no pet.) 

In Tyler
this court was confronted with a very similar issue to that in the instant
case.  Tyler was observed by a police officer driving his vehicle across the
traveling lane of a roadway onto the shoulder and straddling the shoulder and
the traveling lane for a brief period of time.  The State maintained that
reasonable suspicion existed for the officer to temporarily detain Tyler
because he committed the offenses of failure to stay in a single marked lane, see
Tex. Transp. Code Ann. § 545.060(a) (West 2011) and driving on the shoulder.  See
Tyler, 161 S.W.3d at 747.  This court held that there was no evidence in
the record indicating that it was “necessary” for Tyler to drive on the shoulder
under any one of the exceptions listed in section 545.058(a).  Id. at
750.  This court observed that there were three elements contained in section 545.058(a)
that would be a necessary predicate to the establishment of a defense under that
section:  (1) driving on the shoulder was done safely, (2) it was done of
necessity, and (3) only then to effectuate one of the seven defenses
enumerated.  See id. at 749–50; see also Tex. Transp. Code Ann. §
545.058(a)(1)–(7).

Although
not explicitly stated in our opinion in Tyler, implicit in our
holding is that in a case where reasonable suspicion is the justification
offered by the State for a traffic stop, once the State makes a prima facie showing
of a traffic offense, a burden of production then shifts to the defendant to
show, through direct or cross-examination, that driving on the shoulder was
done (1) safely, (2) out of necessity, and (3) to effectuate one of the seven
defenses enumerated in the statute.  See Tyler, 161 S.W.3d at 749–50;
Tex. Transp. Code Ann. § 545.058(a)(1)–(7).  The burden of proof, of
course, remains on the State to prove guilt beyond a reasonable doubt.  Tex.
Penal Code Ann. § 2.01 (West 2011).  Although the defenses listed in section 545.058(a)
are not labeled such that Texas Penal Code section 2.03(a) would be facially
applicable, the structure of the statute is analagous to self-defense found in Texas
Penal Code section 9.31 (self-defense).  See Tex. Penal Code Ann. §§
2.03(a), 9.31 (West 2011).  The Texas Court of Criminal Appeals interpreted the
two burdens (production and persuasion) extant in self-defense in Zuliani v.
State, 97 S.W.3d 589, 594 (Tex. Crim. App. 2003).

In Zuliani,
the court of criminal appeals opined “a defendant bears the burden of
production, which requires the production of some evidence that supports the
particular defense.”  Id. (quoting Saxton v. State, 804
S.W.2d 910, 913 (Tex. Crim. App. 1991)).  Once the defendant comes forward with
such evidence, the State then bears the burden of persuasion to disprove the
raised defense.  See id.  The burden of persuasion is not one
that requires the production of evidence; rather, it requires only that the
State prove its case beyond a reasonable doubt.  See id.  This
apportionment of the burdens of production and persuasion is also applicable to
the seven defenses in section 545.058(a), and it was implicit in our holding in
Tyler.

APPLICATION
OF LAW TO FACTS

In
the instant case, as was alluded to earlier, Appellant has essentially
abandoned his “left turn” defense and now argues in this court that he was
attempting “to pass another vehicle that [was] slowing or stopped on the main
traveled portion of the highway.”  See Tex. Transp. Code Ann. § 545.058(a)(4).
This evidence was developed by both the State and Appellant in the record, and
both concede its existence.  However, no evidence was offered by either side to
the effect that Appellant’s slowing or passing the stopped vehicle was either
necessary or safe as required by the statute and this court’s decision in Tyler.
 Indeed, the only evidence remotely relevant was offered by the State when
Estel testified that Appellant passed the lead vehicle when both vehicles were
passing over railroad tracks.  It would be difficult to imagine a scenario when
such an action would be either necessary or safe, and none was presented by
Appellant.  Appellant failed to satisfy his burden of production.  Since no
findings and conclusions are in the record, we consider the implied findings of
the trial court that are consistent with the law, which we have reviewed de
novo.  The record being devoid of any facts that
would have shown that driving on the shoulder was necessary and safe, we are
constrained to find that Appellant did not carry his burden of production and
that reasonable suspicion for Estel to stop Appellant’s vehicle for driving on
the shoulder of the roadway was shown to be in accordance with the law.  Appellant’s
sole point is overruled.

The
judgment of the trial court is affirmed.

 

PER CURIAM

 

PANEL:  CHARLES F. CAMPBELL (Senior Judge, Retired,
Sitting by Assignment);
LIVINGSTON,
C.J.; and GABRIEL, J.

 

DO NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  August 31, 2011









[1]See Tex. R. App. P. 47.4.





[2]In pertinent part, the
statute provides that 

(a) an operator may drive on an improved shoulder to
the right of the main traveled portion of a roadway if that operation is
necessary and may be done safely, but only:

 . . . 

(4) to pass another vehicle
that is slowing or stopped on the main traveled portion of the highway,
disabled, or preparing to make a left turn.

Tex. Transp. Code Ann. §
545.058(a)(4) (West 2011) (emphasis added).





[3]Not surprisingly, though
Appellant did not formally abandon his “left turn” argument, he essentially
jettisoned it in favor of his “passing on the shoulder” defense. 
Inferentially, the trial court believed Estel’s testimony that there was no
place for the lead vehicle to turn left as it was being passed by Appellant.  Pursuing
reversal of trial court credibility determinations on appeal generally produces
very limited success.