

IN THE
TENTH COURT OF APPEALS

No. 10-09-00355-CR

SARA KATHERINE CLAY,

Appellant

v.

THE STATE OF TEXAS,

Appellee

From the County Court at Law
Hill County, Texas
Trial Court No. M1029-08

CONCURRING OPINION

It is not for us, as an intermediate appellate court, to forge the public policy of this State, especially on the important issue of legalizing telephonic oaths for search warrants under Texas law. *Ginsburg v. Chernoff/Silver & Assocs., Inc.*, 137 S.W.3d 231, 237 (Tex. App.—Houston [1st Dist.] 2004, no pet.) (citing *Lubbock County, Tex. v. Trammel's Lubbock Bail Bonds*, 80 S.W.3d 580, 585 (Tex. 2002)); *Kline v. O'Quinn*, 874 S.W.2d 776, 784 (Tex. App.—Houston [14th Dist.] 1994, writ denied). Thus, while I share the majority's concern about technology outpacing the law, I believe that the issue

of telephonic oaths is a policy matter that belongs to the Legislature (or to the Court of Criminal Appeals), not this court. For this reason, I cannot join the majority opinion.

As noted in the majority opinion, the Tyler Court of Appeals recently addressed Clay's issues in *Aylor v. State*, No. 12-09-00460-CR, 2011 WL 1659887 (Tex. App.—Tyler Apr. 29, 2011, pet. ref'd) (mem. op., not designated for publication). The *Aylor* court noted that, albeit in dicta, the Court of Criminal Appeals has implied that purely telephonic oaths are not permissible under Texas law. In *Smith v. State*, 207 S.W.3d 787, 792-93 (Tex. Crim. App. 2006), the Court of Criminal Appeals stated:

> Although the affiant's signature on an affidavit serves as an important memorialization of the officer's act of swearing before the magistrate, it is that act of swearing, not the signature itself, that is essential. It is important, too, that the law retain some flexibility in the face of technological advances. For example, the federal courts and some state courts, now permit telephonic search warrants, and one can foresee the day in which search warrants might be obtained via e-mail or a recorded video conference with a magistrate located many miles away. In a state as large as Texas, such innovations should not be foreclosed by the requirement of a signed affidavit if the officer's oath can be memorialized by other, equally satisfactory, means. *We leave those potential future changes to the Texas Legislature . . . .*

*Id.* (emphasis added). The *Aylor* court also recognized that in the civil context, an affiant must swear to an affidavit in the physical presence of the officer administering the oath and that an oath taken solely by telephone is insufficient. *See* TEX. GOV'T CODE ANN. § 312.011(1) (West 2005); *Sullivan v. First Nat'l Bank*, 37 Tex. Civ. App. 228, 229-31, 83 S.W. 421, 422-23 (1904); *see also DDH Aviation LLC v. Hubner*, No. 05-04-01319, 2005 WL 2659936, at *1 (Tex. App.—Dallas Oct. 19, 2005, no pet.) (mem. op.).

The *Aylor* court thus concluded that the current state of Texas law is that a physical, personal appearance is necessary, either before the magistrate, or before someone who is qualified to administer oaths. *Aylor*, 2011 WL 1659887, at *4. Thus, "an affiant must be physically present in front of the magistrate or officer authorized to administer oaths when swearing to the facts in his affidavit to support a search warrant." *Id.* Further, "where the oath was taken solely over the telephone and not physically in front of any officer authorized to administer oaths, the presence requirement is not met." *Id.* I agree with *Aylor*'s disposition of Clay's argument. I also note that the Court of Criminal Appeals refused the State's petition for discretionary review in *Aylor*.

In this case, the oath was administered by the magistrate to Trooper Ortega by telephone. The record does not show that Trooper Ortega took the oath in front of some other officer authorized to administer oaths, and the affidavit is not notarized. Thus, the presence requirement was not satisfied. But unlike in *Aylor*, the State argues here that even if the affidavit was invalid, Trooper Ortega was acting in good-faith reliance on the search warrant when he obtained the blood-test evidence and the presence requirement was therefore excused.

Article 38.23 of the code of criminal procedure provides that evidence obtained in violation of the United States and Texas Constitutions and federal and state law is inadmissible against the accused. TEX. CODE CRIM. PROC. ANN. art. 38.23(a) (West 2005). But there is an exception if the law enforcement officer was acting in objective good-

faith reliance upon a warrant issued by a neutral magistrate based on probable cause. *Id.* art. 38.23(b).

Clay states, "There is no indication the trooper was acting in good faith but rather everything suggests an effort to save time and cost by circumventing the necessity to personally appear." I disagree. The stipulations indicate that Trooper Ortega was "acting in objective good faith reliance upon" the warrant in obtaining the evidence. In this case, the parties stipulated that Trooper Ortega and the magistrate spoke over the telephone; they each recognized the other's voice; Trooper Ortega swore to and signed the "Affidavit for Search Warrant" during the phone conversation; Trooper Ortega then faxed the affidavit to the magistrate; the magistrate issued the search warrant based on the affidavit and faxed it to Trooper Ortega; and Clay's blood was drawn because the search warrant was issued. There was no challenge to the neutrality of the magistrate. Article 38.23(a) has as its primary purpose the deterrence of police activity that *could not* have been reasonably believed to be lawful by the officer committing the same. *Drago v. State*, 553 S.W.2d 375, 378 (Tex. Crim. App. 1977); *Carroll v. State*, 911 S.W.2d 210, 223 (Tex. App.—Austin 1995, no pet.). That is not the case here. *See Carroll*, 911 S.W.2d at 223; *see also Swenson v. State*, No. 05-09-00607-CR, 2010 WL 924124, at *3-4 (Tex. App.—Dallas Mar. 16, 2010, no pet.) (mem. op., not designated for publication).

Clay also argues that the good-faith reliance exception should not apply because the State has raised this issue for the first time on appeal. However, if the trial court's decision is correct on any theory of law applicable to the case, it should be upheld.

*Powell v. State*, 898 S.W.2d 821, 827 n.4 (Tex. Crim. App. 1994); *Romero v. State*, 800 S.W.2d 539, 543-44 (Tex. Crim. App. 1990). Here, Trooper Ortega was acting in good-faith reliance on the warrant when he obtained the blood-test evidence; therefore, Clay's motion to suppress was properly denied.

Because I disagree with the majority's reasoning regarding Clay's issues but agree that the trial court's judgment should be affirmed, I respectfully concur.


REX D. DAVIS
Justice

Concurring opinion delivered and filed March 21, 2012
Publish