COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO.
2-07-321-CR

 

 

TERENCE STANLEY SMITH                                                   APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

         FROM
COUNTY CRIMINAL COURT NO. 4 OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

Introduction








Appellant Terence Stanley
Smith appeals his conviction for driving while intoxicated.  In his only point, appellant claims that the
trial court erred by denying his motion to suppress evidence gathered
subsequent to the initial traffic stop on the grounds that the arresting officer
had no probable cause or reasonable suspicion to stop or detain him.  We affirm. 

Background Facts

In the early hours of March,
25, 2006, Roanoke Police Officer William Taylor stopped at an intersection
behind appellant=s
vehicle.  At the stop light, Officer
Taylor noticed that all three brake lamps on appellant=s vehicle were activated but that when the light turned green and the
vehicle began to move forward, two of the lights deactivated while the driver=s side brake lamp remained illuminated.  Officer Taylor believed that the condition of
the brake lamp was a traffic violation and posed a possible traffic hazard, and
he immediately stopped appellant=s vehicle to inform him that the light was not working properly.  The resulting interaction between Officer
Taylor and appellant led to appellant=s arrest for driving while intoxicated.   








Appellant filed a motion to
suppress the evidence obtained following the initial stop, contending that
Officer Taylor stopped him without reasonable suspicion of criminal activity or
probable cause to believe that he was engaged in criminal activity.  At the suppression hearing, appellant
testified that prior to the stop and arrest, he replaced the bulb for the
driver=s side turn signal on his vehicle. 
Appellant explained that his vehicle was a European model BMW 318i that
required European bulbs in his tail lights. 
Because the store did not carry the European bulb his car required, he
used an American bulb that operated at a higher wattage.  Consequently, the higher wattage bulb in the
driver=s side tail light constantly burned brighter than the other lights and
made the brake light below it appear to be constantly illuminated.      

After the trial court took
judicial notice that appellant=s vehicle was required by federal law to have three operational brake
lights, the court concluded that Officer Taylor did have probable cause to
initiate the traffic stop under his reasonable belief that the defective light
was a traffic violation.  Accordingly,
the trial court denied appellant=s motion to suppress.  After the
trial court overruled his motion to suppress, appellant changed his plea to
guilty, and the trial court assessed a punishment at 180 days= confinement, probated for twelve months, and a $500.00 fine. 

Standard of Review 








We review a trial court=s ruling on a motion to suppress evidence under a bifurcated standard
of review.  Amador v. State, 221
S.W.3d 666, 673 (Tex. Crim. App. 2007); Guzman v. State, 955 S.W.2d 85,
89 (Tex. Crim. App. 1997).  In reviewing
the trial court=s decision,
we do not engage in our own factual review. 
Romero v. State, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990); Best
v. State, 118 S.W.3d 857, 861 (Tex. App.CFort Worth 2003, no pet.).  The
trial judge is the sole trier of fact and judge of the credibility of the
witnesses and the weight to be given their testimony.  Wiede v. State, 214 S.W.3d 17, 24B25 (Tex. Crim. App. 2007); State v. Ross, 32 S.W.3d 853, 855
(Tex. Crim. App. 2000), modified on other grounds by State v. Cullen,
195 S.W.3d 696 (Tex. Crim. App. 2006). 
Therefore, we give almost total deference to the trial court=s rulings on (1) questions of historical fact, even if the trial court=s determination of those facts was not based on an evaluation of
credibility and demeanor, and (2) application‑of‑law‑to‑fact
questions that turn on an evaluation of credibility and demeanor.  Amador, 221 S.W.3d at 673; Montanez
v. State, 195 S.W.3d 101, 108B09 (Tex. Crim. App. 2006); Johnson v. State, 68 S.W.3d 644, 652B53 (Tex. Crim. App. 2002).  But
when application-of-law-to-fact questions do not turn on the credibility and
demeanor of the witnesses, we review the trial court=s rulings on those questions de novo. 
Amador, 221 S.W.3d at 673; Estrada v. State, 154 S.W.3d
604, 607 (Tex. Crim. App. 2005); Johnson, 68 S.W.3d at 652B53.








Stated another way, when
reviewing the trial court=s ruling on
a motion to suppress, we must view the evidence in the light most favorable to
the trial court=s
ruling.  Wiede, 214 S.W.3d at 24; State
v. Kelly, 204 S.W.3d 808, 818 (Tex. Crim. App. 2006).  When the trial court makes explicit fact
findings, we determine whether the evidence, when viewed in the light most
favorable to the trial court=s ruling, supports those fact findings.  Kelly, 204 S.W.3d at 818B19.  We then review the trial
court=s legal ruling de novo unless its explicit fact findings that are
supported by the record are also dispositive of the legal ruling.  Id. at 819.

When the record is silent on
the reasons for the trial court=s ruling, or when there are no explicit fact findings and neither
party timely requested findings and conclusions from the trial court, we imply
the necessary fact findings that would support the trial court=s ruling if the evidence, viewed in the light most favorable to the
trial court=s ruling,
supports those findings.  Id.; see  Amador, 221 S.W.3d at 673; Wiede,
214 S.W.3d at 25.  We then review the
trial court=s legal
ruling de novo unless the implied fact findings supported by the record are
also dispositive of the legal ruling.  Kelly,
204 S.W.3d at 819.

We must uphold the trial
court=s ruling if it is supported by the record and correct under any theory
of law applicable to the case even if the trial court gave the wrong reason for
its ruling.  State v. Stevens, 235
S.W.3d 736, 740  (Tex. Crim. App. 2007); Armendariz
v. State, 123 S.W.3d 401, 404 (Tex. Crim. App. 2003), cert. denied,
541 U.S. 974 (2004). 

Constitutionality of Traffic
Stops 








The Fourth Amendment protects
against unreasonable searches and seizures by government officials.  U.S. Const.
amend. IV; Wiede, 214 S.W.3d at 24. 
To suppress evidence because of an alleged Fourth Amendment violation,
the defendant bears the initial burden of producing evidence that rebuts the
presumption of proper police conduct.  Amador,
221 S.W.3d at 672.  A defendant satisfies
this burden by establishing that a search or seizure occurred without a
warrant.  Id.  Once the defendant has made this showing, the
burden of proof shifts to the State, which is then required to establish that
the search or seizure was conducted pursuant to a warrant or was
reasonable.  See Tex. Code Crim. Proc. Ann. arts. 18.01,
18.04 (Vernon 2005 & Supp. 2008) (providing requirements for issuance of a
search warrant); Amador, 221 S.W.3d at 672B73; Torres v. State, 182 S.W.3d 899, 902 (Tex. Crim. App.
2005); Ford v. State, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005).

Whether a search is
reasonable is a question of law that we review de novo.  Kothe v. State, 152 S.W.3d 54, 62
(Tex. Crim. App. 2004).  Reasonableness
is measured by examining the totality of the circumstances.  Id. at 63.  It requires a balancing of the public
interest and the individual=s right to be free from arbitrary detentions and intrusions.  Id. 
A search conducted without a warrant is per se unreasonable unless it
falls within one of the Aspecifically
defined and well-established@ exceptions to the warrant requirement.  McGee v. State, 105 S.W.3d 609, 615
(Tex. Crim. App.), cert. denied, 540 U.S. 1004 (2003); see Best,
118 S.W.3d at 862.  








A detention, as opposed to an
arrest, may be justified on less than probable cause if a person is reasonably
suspected of criminal activity based on specific, articulable facts.  Terry v. Ohio, 392 U.S. 1, 22, 88 S.
Ct. 1868, 1880 (1968); Carmouche v. State, 10 S.W.3d 323, 328 (Tex.
Crim. App. 2000).  An officer conducts a
lawful temporary detention when he or she has reasonable suspicion to believe
that an individual is violating the law. 
Ford, 158 S.W.3d at 492. 
Reasonable suspicion exists when, based on the totality of the
circumstances, the officer has specific, articulable facts that when combined
with rational inferences from those facts, would lead him to reasonably
conclude that a particular person is, has been, or soon will be engaged in
criminal activity.  Id.  This is an objective standard that disregards
any subjective intent of the officer making the stop and looks solely to
whether an objective basis for the stop exists. 
Id.   








Therefore, in stopping
vehicles for an investigative detention based on a traffic violation, the State
need not prove that the detainee actually committed a traffic violation.  Drago v. State, 553 S.W.2d 375, 377
(Tex. Crim. App. 1977); De Los Santos v. State, No. 02-07-00135-CR, 2008
WL 1777988, at *3 (Tex. App.CFort Worth Apr. 17, 2008, no pet.) (mem. op., not designated for
publication).  The State must only show
that the officer reasonably suspected that the driver was committing a traffic
violation.  De Los Santos, 2008 WL
1777988, at *3.  If the State establishes
reasonable suspicion, then the stop does not violate the Fourth Amendment even
if, upon further investigation, it is discovered that no traffic violation
actually occurred.  See Drago, 553
S.W.2d at 377; De Los Santos, 2008 WL 1777988, at *3.

Applicable Law

The pertinent portion of
Texas Transportation Code section 547.323 provides that:

(d) A stoplamp shall emit a red or
amber light, or a color between red and amber, that is: 

 

(1) visible in normal sunlight at a
distance of at least 300 feet from the rear of the vehicle; and

 

(2)
displayed when the vehicle service brake is applied.

 








Tex. Transp. Code Ann. ' 547.323 (Vernon
1999). 
Additionally, an operator may not stop or suddenly decrease the speed of
the vehicle without first giving a stop signal by lighting signal lamps.  Id. ' 545.105B06 (Vernon 1999).  Texas law
also requires vehicles to comply with federal standards.  Id.'  547.3215 (Vernon 1999). 
Federal standards require cars less than eighty inches wide to have
three stoplamps on the rear of the car.  See
Starrin v. State, No. 02-04-00360-CR, 2005 WL 3343875, at *1 (Tex. App.CFort Worth Dec. 8, 2005, no pet.) (mem. op., not designated for
publication).  The trial court took
judicial notice that because appellant=s car was less than eighty inches wide, it was required to have three
operational brake lights. 

Discussion

In his sole point, appellant
complains that the trial court erred by denying his motion to suppress evidence
obtained from the traffic stop because Officer Taylor had neither probable
cause that he had been, or was about to be involved in criminal activity nor
reasonable suspicion that criminal activity was afoot.  Specifically, appellant contends that the
only issue is whether he committed a Aticketable@ traffic
offense because his rear brake lamp remained continually illuminated.  However, the issue here is not whether
appellant committed a traffic violation; rather, the issue is whether Officer
Taylor had reasonable suspicion to stop appellant for a traffic offense.  See Drago, 553 S.W.2d at 377; De
Los Santos, 2008 WL 1777988, at *3.








Officers have authority to
stop and briefly detain persons who are suspected of criminal activity on less
information than is constitutionally required for probable cause to
arrest.  Davis v. State, 947
S.W.2d 240, 244 (Tex. Crim. App. 1997); Tucker v. State, 183 S.W.3d 501,
508 (Tex. App.CFort Worth
2005, no pet.).  Temporary investigative
detentions are appropriate when officers have Aspecific articulable facts, which, premised upon [the officer=s] experience and personal knowledge, when coupled with logical
inferences from those facts would warrant the intrusion on the detainee.@  Davis, 947 S.W.2d at
244; Tucker, 183 S.W.3d at 508.  A
police officer has the authority to stop and temporarily detain a driver who
has violated a traffic law.  Armitage
v. State, 637 S.W.2d 936, 939 (Tex. Crim. App. 1982); Lemmons v. State, 133
S.W.3d 751, 756 (Tex. App.CFort Worth 2004, pet. ref=d).  Further, because a
violation of the traffic laws constitutes probable cause to arrest the
violator, the need for reasonable suspicion to stop the driver is
obviated.  See Tex. Transp. Code Ann. ' 543.001 (Vernon 1999); Lemmons, 133 S.W.3d at 756; State
v. Ayala, 981 S.W.2d 474, 476 (Tex. App.CEl Paso 1998, pet. ref=d). 








Appellant argues that his
vehicle did not violate transportation code section 547.323 because the three
required brake lamps on his vehicle activated and deactivated as required by
law.  See Tex. Transp. Code Ann. ' 547.323.  Appellant
testified that the driver=s side brake
light only appeared to be constantly illuminated when the service brake was
deactivated because of a high wattage turn-signal light that continuously shone
through the brake light.  However,
Officer Taylor testified that he stopped the vehicle because it appeared that
the driver=s side brake
light was constantly illuminated and, therefore, presented a roadway hazard
because of a malfunction.  Whether the
stop was based on the actual malfunction of the driver=s side brake light or merely the appearance of the brake light=s malfunction is inconsequential because the relevant part of the
statute states that a Astoplamp
shall emit@ the
requisite light Awhen the
vehicle service brake is applied.@  See id.  Thus, the function of the brake light is to
signal that the vehicle is stopping when it is, in fact, stopping.  If the vehicle=s brake lights are continuously lit, or appear to be continuously lit,
then the vehicle cannot properly indicate when it is actually stopping.  See State v. Fleming, 84 F. App=x 396, 396B97 (5th Cir.
2003), cert. denied, 541 U.S. 1018 (2004) (not designated for publication)
(holding that probable cause existed when the officer stopped a driver whose
brake lights were constantly illuminated in violation of Texas Transportation
Code section 547.323). 

A brake light that is
constantly on and that cannot signal when the vehicle is braking does not
comply with transportation code section 547.323.  See Tex.
Transp. Code Ann. ' 547.323;
Fleming, 84 F. App=x at 396B97.  Because Officer Taylor had
a reasonable suspicion to believe a traffic violation was occurring when he
observed the vehicle=s defective
brake lights, the decision to stop the vehicle was reasonable and did not violate
the Fourth Amendment.  See Fleming, 84
F. App=x at 396B97.  We hold that the trial court did not err by
denying appellant=s motion to
suppress and overrule his sole point.








Conclusion

Having overruled appellant=s sole point, we affirm the trial court=s judgment. 

 

 

TERRIE LIVINGSTON

JUSTICE

                                                    

PANEL:  CAYCE, C.J.; LIVINGSTON, and HOLMAN, JJ.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:
August 14, 2008 

 

 

 











[1]See Tex.
R. App. P. 47.4.