# NO. 12-24-00053-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *THE STATE OF TEXAS, APPELLANT* | § | *APPEAL FROM THE* |
| *V.* | § | *COUNTY COURT AT LAW* |
| *ANTONIO JUAREZ, APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

The State of Texas appeals the trial court's order granting Appellee Antonio Juarez's motion to suppress.[1]  We affirm.

## BACKGROUND

Appellee was charged by information with driving while intoxicated with a blood alcohol concentration of 0.15 or more.[2]  Before trial, Appellee filed a motion to suppress evidence seized by the Smith County Sheriff's Office after being pulled over for failure to stop at a stop line. Following a hearing, the trial court granted the motion, making a notation on its docket that the officer lacked reasonable suspicion for the traffic stop.  The trial court made no express findings of fact or conclusions of law.  This appeal followed.

---

[1] *See* TEX. CODE CRIM. PROC. ANN. art. 44.01(a)(5) (West 2018) (authorizing State to appeal granting of motion to suppress evidence).

[2] *See* TEX. PENAL CODE ANN. § 49.04(d) (West Supp. 2023).

In its sole issue, the State challenges the trial court's decision to grant Appellee's motion to suppress. According to the State, the officer legitimately believed Appellee committed a traffic violation and therefore had reasonable suspicion to initiate a stop.

## Standard of Review

We review a trial court's ruling on a motion to suppress under a bifurcated standard of review. *Hubert v. State*, 312 S.W.3d 554, 559 (Tex. Crim. App. 2010); *Carmouche v. State*, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000). A trial court's decision to grant or deny a motion to suppress is generally reviewed under an abuse of discretion standard. *Shepherd v. State*, 273 S.W.3d 681, 684 (Tex. Crim. App. 2008). We give almost total deference to a trial court's determination of historical facts, especially if those determinations turn on witness credibility or demeanor, and we review de novo the trial court's application of the law to facts not based on an evaluation of credibility and demeanor. *Neal v. State*, 256 S.W.3d 264, 281 (Tex. Crim. App. 2008). When ruling on a motion to suppress evidence, the trial court is the exclusive trier of fact and judge of the witnesses' credibility. *See Maxwell v. State*, 73 S.W.3d 278, 281 (Tex. Crim. App. 2002). Accordingly, a trial court may choose to believe or disbelieve all or any part of a witness's testimony. *See State v. Ross*, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000). Moreover, if the trial judge makes express findings of fact, we view the evidence in the light most favorable to the trial judge's ruling and determine whether the evidence supports those factual findings. *Valtierra v. State*, 310 S.W.3d 442, 447 (Tex. Crim. App. 2010). When there is not an express finding on an issue, we infer implicit findings of fact that support the trial court's ruling as long as those findings are supported by the record. *See id.*

The prevailing party is entitled to "the strongest legitimate view of the evidence and all reasonable inferences that may be drawn from that evidence." *State v. Castleberry*, 332 S.W.3d 460, 465 (Tex. Crim. App. 2011). We review the trial court's legal conclusions de novo and uphold the ruling so long as it is supported by the record and correct under any legal theory applicable to the case. *State v. Iduarte*, 268 S.W.3d 544, 548 (Tex. Crim. App. 2008); *Banda v. State*, 317 S.W.3d 903, 907–08 (Tex. App.–Houston [14th Dist.] 2010, no pet.).

## Applicable Law

To suppress evidence because of an alleged Fourth Amendment violation, the defendant bears the initial burden of producing evidence that rebuts the presumption of proper police

conduct. ***Amador v. State***, 221 S.W.3d 666, 672 (Tex. Crim. App. 2007); *see* ***Young v. State***, 283 S.W.3d 854, 872 (Tex. Crim. App. 2009). A defendant can satisfy this burden by establishing that a search or seizure occurred without a warrant. ***Amador***, 221 S.W.3d at 672.

The burden then shifts to the State to establish that the seizure was reasonable. *Id.* at 672–73; ***Torres v. State***, 182 S.W.3d 899, 902 (Tex. Crim. App. 2005); ***Ford v. State***, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005). An objective standard is used when determining if the officer had a reasonable suspicion. ***Derichsweiler v. State***, 348 S.W.3d 906, 914 (Tex. Crim. App. 2011). This standard is whether the officer has "specific, articulable facts that, combined with rational inferences from those facts, would lead him to conclude that the person detained is, has been, or soon will be engaged in criminal activity." *Id.* This test also includes the totality of the circumstances. *Id.*

A police officer may stop and detain a motorist who commits a traffic violation within the officer's view. *See* ***Whren v. United States***, 517 U.S. 806, 810, 116 S. Ct. 1769, 1772, 135 L. Ed. 2d 89 (1996); ***Garcia v. State***, 827 S.W.2d 937, 944 (Tex. Crim. App. 1992). In addition, an officer may conduct a temporary detention if the officer has reasonable suspicion to believe that a person is violating the law. *See* ***Ford***, 158 S.W.3d at 492. Reasonable suspicion is dependent upon both the content of the information possessed by the police and its degree of reliability. *See* ***Alabama v. White***, 496 U.S. 325, 330, 110 S. Ct. 2412, 2416–17, 110 L. Ed. 2d 301 (1990); ***Walter v. State***, 28 S.W.3d 538, 542 (Tex. Crim. App. 2000).

To justify the stop, it is not necessary to show that the motorist actually committed a traffic violation; it is sufficient to show that the officer reasonably believed a violation was in progress. ***Green v. State***, 93 S.W.3d 541, 545 (Tex. App.—Texarkana 2002, pet. ref'd); *see* ***Garcia v. State***, 43 S.W.3d 527, 530 (Tex. Crim. App. 2001); ***Powell v. State***, 5 S.W.3d 369, 377 (Tex. App.—Texarkana 1999, pet. ref'd) (citing ***Drago v. State***, 553 S.W.2d 375, 377-78 (Tex. Crim. App. 1977)). Under the Transportation Code, an operator of a vehicle shall stop at a clearly marked stop line and failure to do so violates the statute. *See* TEX. TRANSP. CODE ANN. § 544.010(c) (West Supp. 2023); ***Rodriguez v. State***, No. 03-03-00140-CR, 2003 WL 22249714, at *4 (Tex. App.—Austin Oct. 2, 2003, no pet.) (mem. op., not designated for publication).

## Analysis

Smith County Sheriff's Deputy Sean McClanahan was the sole witness at the hearing on Appellee's motion to suppress. McClanahan testified that he has been a patrol deputy for eleven

years and conducted "a little over 10,000 traffic stops." He stated that he was on patrol in the southwestern portion of Smith County on September 1, 2023, when he observed Appellee fail to stop "at a designated stopping point." A copy of McClanahan's dashcam video was admitted into evidence and played during McClanahan's testimony. On the video, McClanahan is traveling behind four vehicles. Appellee's vehicle is at the front of this line and stops at an intersection beyond the stop sign. However, once McClanahan reaches the intersection, he sees that the white "stop line" is past the stop sign but before the road. According to McClanahan, Appellee stopped "on" the stop line, which he believed constituted a traffic violation. He further testified that he could see Appellee's vehicle better in person than it appears on the video.

On cross-examination, McClanahan testified that he was "roughly a hundred yards" behind Appellee when he observed the alleged traffic violation. He agreed that the stop line was closer to the intersection than the stop sign. McClanahan opined that the "problem" was that Appellee stopped "on" the stop line instead of before it. McClanahan testified, "So, like I said earlier on the video, it's pretty small, pretty grainy, but seeing it visually I saw his tire on the line which would put his bumper over the white line." He further claimed to be able to see where Appellee stopped on the day of the offense.

During arguments, the State pointed out that McClanahan claimed he could see things more clearly in person than on the video. The trial court appeared to agree in part:

> I suspect if I were driving 69 South I would be able to read the license plate ahead of me, certainly better than I can on this video. In fact, officers regularly do that. That's how they radio in. And so, you make a good point that this is not the same as the human eye. But it does seem a long way away to see a vehicle's tire on the white line.

The State further argued that an officer's reasonable belief that a traffic violation occurred should control. The trial court ultimately granted the motion to suppress without expressing its reasoning.

We give almost total deference to a trial court's determination of historical facts, especially if those determinations turn on witness credibility or demeanor. *Neal*, 256 S.W.3d at 281. When ruling on a motion to suppress evidence, the trial court is the exclusive trier of fact and judge of the witnesses' credibility. *See Maxwell*, 73 S.W.3d at 281. Accordingly, a trial court may choose to believe or disbelieve all or any part of a witness's testimony, even if that testimony is uncontroverted. *See Ross*, 32 S.W.3d at 855. Because no findings of fact were

4

filed, we must review the evidence in the light most favorable to the trial court's ruling and will uphold the ruling on any theory of law applicable to the case. *Id.* It is entirely plausible that the trial court did not find Deputy McClanahan's testimony credible in light of the dash cam video. *See id*. at 857 ("As the sole trier of fact and judge of credibility, the trial court was not compelled to believe the agent's testimony, even if uncontroverted, based on credibility and demeanor[;]" "trial court was within its discretion in disbelieving the testimony of the agent and granting the motion to suppress"). For this reason, we cannot conclude that the trial court erred in granting the motion to suppress. We overrule the State's sole issue.

## DISPOSITION

Having overruled the State's sole issue, we ***affirm*** the trial court's judgment.

<u>GREG NEELEY</u>
Justice

Opinion delivered August 7, 2024.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST 7, 2024**

**NO. 12-24-00053-CR**

**THE STATE OF TEXAS,**
Appellant
V.
**ANTONIO JUAREZ,**
Appellee

---

Appeal from the County Court at Law

of Smith County, Texas (Tr.Ct.No. 001-82748-23)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED, and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*